**COLUMBUS–AMERICA DISCOVERY GROUP, INC., Plaintiff,**

v.

**The UNIDENTIFIED, WRECKED AND ABANDONED SAILING VESSEL, etc., Defendant.**

**Civil Action No. 87–363–N.**

United States District Court,
E.D. Virginia,
Norfolk Division.

June 15, 2011.

Order Staying Mandate June 30, 2011.

---

4. Thus, the hundreds of other documents sealed under the protective order continue to remain so sealed.

Richard Thomas Robol, Robol Law Office LPA, Columbus, OH, for Plaintiff.

## ORDER

REBECCA BEACH SMITH, District Judge.

This case comes before the court on Columbus–America Discovery Group's ("CADG") Emergency Motion to Alter or Amend filed May 2, 2011. The court held a hearing on the motion on June 3, 2011, and heard argument from both CADG and the non-party Williamson Plaintiffs as to the alteration or amendment of the court's April 22, 2011, Order unsealing the 1998 Joint Inventory in this case. The court stayed entry of the mandate of that order on May 4, 2011. For the following reasons, CADG's motion is **DENIED** and the stay of the court's Order of April 22, 2011, is **DISSOLVED**.

This long-closed case was revivified before this court upon motion of the Williamson Plaintiffs on January 24, 2011. In their motion, the Williamson Plaintiffs sought use of the sealed 1998 Joint Inventory of recovered gold[1] for a deposition and trial in their federal case currently pending in the Southern District of Ohio. The court considered the motion, and on April 22, 2011, granted it because the court found that there was no rationale for continuing to keep the Joint Inventory sealed. Instead, the court found that the public interest was served in unsealing the records concerning the historic recovery of gold from the wreck of the S.S. CENTRAL AMERICA. CADG filed an emergency Motion to Amend or Alter shortly thereafter, arguing that to unseal the Joint Inventory would harm their interest in the marketing of the gold already sold, hamper the future recovery of gold, and ultimately damage the historical value of the wreck.[2]

The court scheduled a hearing on CADG's motion, at which hearing counsel for all parties were present. *See* Transcript, Hearing on Motion, June 3, 2011 (filed June 8, 2011) (hereinafter cited as

---

1. The content and circumstances behind the creation of this Joint Inventory are explained in the court's April 22, 2011, Order.

2. Nothing in the 1998 Joint Inventory that is being unsealed reveals the location of the wreck of the S.S. CENTRAL AMERICA or relates to the "down treasure." The Joint Inventory relates to the gold that has already been recovered from the wreck and sold.

"Hr'g Tr."). CADG presented testimony from Mr. Gilman Kirk, an original investor in the partnership to find the S.S. CENTRAL AMERICA. CADG requested to offer Mr. Kirk's testimony *in camera,* but counsel was unable to lay a foundation as to why such testimony would be relevant and would involve trade secrets. Mr. Kirk testified that he was familiar with the "down treasure" and that he knew that release of the Joint Inventory would harm its recovery and value, though he did not elaborate or specify why. He also testified that the way the matrix inside the Joint Inventory was constructed was a trade secret, though again he did not elaborate. CADG again requested to present his testimony *in camera,* but the court found such testimony irrelevant and without a proper foundation.

At the conclusion of the hearing, the court gave the parties until 5:00 p.m. on June 7, 2011, to submit any further information they wished the court to consider by affidavit or proffer, and set the deadline for any reply on June 10, 2011. The court gave the parties the option to make such filings under seal, if they so desired and if they followed the proper procedures for sealing. CADG submitted to the court a faxed copy of an affidavit from Mr. Kirk on June 7, 2011. No original was ever filed with the court. The faxed affidavit reiterated Mr. Kirk's testimony that he would have explained had he been allowed to testify *in camera,* but again without actually giving the explanation to the court. The Williamson Plaintiffs responded on June 10, 2011. They continue to urge the court to unseal the Joint Inventory for the benefit of the public, as there is no reason why it should continue to be sealed.

■ After considering the evidence given at the hearing and proffered after-

wards, the court **DENIES** CADG's Motion to Alter or Amend. CADG has shown no relevant, legitimate reason why release of this Joint Inventory would harm its interests or those of anyone else. Even though CADG could not lay a proper foundation for the need for an *in camera* hearing, the court gave it the chance to proffer evidence under seal after the hearing to inform the court of the specifics of the harm that would be caused by release of the Joint Inventory, while still protecting its trade secrets by availing itself of the 1990 Protective Order in this case. Not only did CADG fail to proffer any substantive information concerning the issues before the court in the faxed affidavit of Mr. Kirk,[3] it also did not even attempt to take advantage of the ability to seal so that it might offer such specifics. Furthermore, as testified to by Mr. Kirk, the information about the gold contained in the Joint Inventory is *already in the public sphere* through books and other journalism concerning the wreck. Hr'g Tr. 17–18, 24, 35. Therefore, the court reiterates its conclusion in its April 22, 2011, Order that there is no impediment at this juncture to the unsealing of the 1998 Joint Inventory, and it should be made public.

■ The court does make one amendment to its April 22, 2011, Order because of a concern brought to the court's attention by the Williamson Plaintiffs and Mr. Ware, who represented the insurer underwriters in the original, now closed, proceeding. Hr'g Tr. 8–9, 12–13. Mr. Holabird, the individual who prepared the 1998 Joint Inventory in this case, is to be deposed in the Ohio case, and he is concerned that he remains bound by this court's 1990 Protective Order. It is the court's belief that by unsealing the Joint

---

3. In effect, CADG has made no filing with the court, as a faxed affidavit without an original signature does not meet filing requirements.

*See* Fed.R.Civ.P. 5(d) (enumerating filing requirements).

Inventory, any information such as Mr. Holabird's testimony or notes that relates to the content of that inventory is also necessarily unsealed. However, the court reiterates that Mr. Holabird is **RELIEVED** of his obligations under the 1990 Protective Order and may testify and produce documents in the Ohio case that relate thereto.

Therefore, this court **UNSEALS** the Joint Inventory filed February 24, 1998, in this case, and **DISSOLVES** the stay on its April 22, 2011, Order. However, the court **STAYS** the mandate of this current Order until July 1, 2011.

The Clerk is **DIRECTED** to forward a copy of this Order by mail and facsimile to counsel for CADG and the Williamson Plaintiffs, to Guilford D. Ware, Esquire, and to the Clerk of the United States District Court for the Southern District of Ohio.

**IT IS SO ORDERED**

### *ORDER*

This case now comes before the court on Columbus–America Discovery Group's (CADG) Emergency Motion for Stay Pending Appeal ("Motion"), filed June 22, 2011.[1] The Williamson Plaintiffs responded in opposition ("Response in Opposition"),[2] on June 28, 2011. In its Motion, CADG asks the court to stay its April 22, 2011, and June 15, 2011, Orders pending appeal to the Fourth Circuit. In the alternative, CADG seeks a brief stay of those Orders to allow application for a stay at the Fourth Circuit.

In order to issue a stay pending appeal, the court must examine each of the following factors:

(1) [W]hether the stay applicant has made a strong showing that he is *likely to succeed on the merits*; (2) whether the applicant will be *irreparably injured absent a stay*; (3) whether issuance of the stay will *substantially injure the other parties* interested in the proceeding; and (4) where the *public interest* lies.

*Hilton v. Braunskill,* 481 U.S. 770, 776, 107 S.Ct. 2113, 95 L.Ed.2d 724 (1987) (emphasis added). The court finds that CADG cannot make a sufficient showing as to any of these requirements. First, the court finds that there is little likelihood that CADG will succeed on the merits, for the reasons enumerated in this court's April 22, 2011, and June 15, 2011, Orders. In the instant Motion, CADG has additionally raised the specter of a "blanket release from the 1990 Protective Order" for Mr. Holabird allowing him to disclose any and all documents or testimony regardless of their source or content. Mem. in Supp. Mot. to Stay, at 6. This is merely a diversion. This court *only* released Mr. Holabird from the 1990 Protective Order to the extent that any testimony or notes in his possession "relate[ ] to the content of that inventory," which contents will become public with the Joint Inventory's release. Order of June 15, 2011, at 5. There has been no showing by CADG, other than an unsupported assertion in the moving papers, that such information contains "trade secrets."

Second, there has been no evidence proffered to this court by CADG that it will be irreparably harmed, absent a stay. CADG again asserts that its interest in the "down treasure" would be harmed by the release of the Joint Inventory given that the marketing of the treasure is a trade secret. This court remains incredulous as to how release of an inventory of gold, which gold

---

1. CADG noted its appeal the same day.

2. The Response in Opposition includes a Memorandum of Law and the Declaration of Michael J. Frevola.

all parties agree was sold at least a decade ago, would have any effect on the marketing of gold that has yet to be recovered from the wreck. Again, CADG has not supported its assertion with anything beyond the words themselves, and certainly has not shown the specificity and probability of harm required.

Third, the court is convinced that to issue such a stay would harm other parties, most obviously the Williamson Plaintiffs, and moreover the entire judicial process. The case against CADG's successor-in-interest has been proceeding in the Southern District of Ohio for many years, mostly due, in this court's opinion, to the intransigence and non-cooperation of CADG in the discovery process. Trial has been approaching while the motions before this court have been pending. Indeed, as averred by counsel for the Williamson Plaintiffs in the Response in Opposition, trial in the Ohio case has now been continued from June 27, 2011, to October 17, 2011, due in part to the pending issue of the availability of the Joint Inventory. Resp. in Opp'n, Decl. Michael Frevola at ¶¶ 16–17. This court sees no reason why the judicial system should be delayed further, particularly when there is paltry evidence of any harm which will be prevented by a stay and the issues which remain for

trial in the Ohio case relate directly to the Joint Inventory. *See* Resp. in Opp'n, Mem. at 17.[3]

Finally, the public interest in this case lies on the side of making the Joint Inventory publicly available. Extensive information about the wreck and its contents already exists in the public sphere, and the gold listed in the Joint Inventory has already all been sold. The public would be served by opening the historical record of the wreck and its contents recovered to date.[4] This court declines to allow a private party's vague assertions of "trade secrets" to thwart the "common law as well as ... constitutional right to have court records made public. Publicity of such records, of course, is necessary in the long run so that the public can judge the product of the courts in a given case." *Columbus–America Discovery Grp. v. Atl. Mut. Ins. Co.*, 203 F.3d 291, 303 (4th Cir.2000).

Accordingly, this court hereby **DENIES** CADG's Emergency Motion.[5] The court **GRANTS** CADG's request for an additional stay of its June 15, 2011, Order, and hereby **STAYS** its mandate until July 8, 2011, to allow additional time for CADG to apply for a stay in the Fourth Circuit. The Clerk is **DIRECTED** to forward a copy of this Order via mail and facsimile to

3. The federal trial in Ohio cannot go forward until discovery is completed, and discovery cannot be completed without the deposition of Mr. Holabird and the access to the Joint Inventory, all of which now *needs* to occur before October 17, 2011. As courts and litigants well know, discovery is a time-consuming pretrial process, and in this case the time has come for it to be completed. *See infra* note 5.

4. Frankly, this court has no assurance or any indication of current or future salvage activities at the wreck by CADG, or by any other entity.

5. The Williamson Plaintiffs aptly summarize the rationale for this court's current ruling:

Not only did the CADG twice fail to provide the required proof to justify the continued existence of the seal on the' Information released by the Release Order, CADG once again failed to do so after this Court had given CADG one more bite at the apple by allowing the submission of a sealed evidentiary submission post-hearing. In other words, CADG has had three opportunities to show why the Information should not finally be released. It has failed to submit anything. Three strikes is enough; it is time to allow the release of the limited amount of Information covered under the Release Order.

Resp. in Opp'n, Mem. at 2 (internal citation and footnote omitted).